SHAAMINI A. BABU, ESQ. (SBN 230704)
JULIO MATEO, JR., ESQ. (SBN 124633)
SALTZMAN & JOHNSON LAW CORPORATION
5100-B1 Clayton Road, Suite 373
Concord, CA 94521
(510) 906-4710
sbabu@sjlawcorp.com
jmateo@sjlawcorp.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENSION PLAN FOR PENSION TRUST FUND FOR OPERATING ENGINEERS; et al, <br><br> Plaintiffs, <br><br> vs. <br><br> ROSS ISLAND SAND & GRAVEL CO., an Oregon corporation, registered in California; R.B. PAMPLIN CORPORATION, a Delaware corporation, registered in Oregon; KF JACOBSEN & CO, INC., a Oregon corporation; PACIFIC NORTHWEST AGGREGATES, INC., a Washington State corporation; DR. ROBERT B. PAMPLIN, JR., as an individual and as Trustee of R.B. PAMPLIN CORPORATION & SUBSIDIARIES PENSION PLAN & TRUST, an employee benefit plan; ANNE AMIE VINEYARDS, an unincorporated organization in Oregon; PAMPLIN MEDIA GROUP, an unincorporated organization in Oregon; PAMPLIN VINEYARDS, LLC, an Oregon limited liability company; R2 LAND, LLC, an Oregon limited liability company; PAMPLIN HOSPITALITY, INC., an Oregon corporation; COLUMBIA EMPIRE FARMS, INC., an Oregon corporation; MOUNT VERNON MILLS, INC., a Maryland corporation; OREGON PUBLICATION CORP., a Oregon corporations; SMITH AND WATERS, INC., a South Carolina corporation; LE CEP II, INC., a Oregon corporation; and DOES 1-10, <br><br> Defendants. | Case No. 3:25-cv-05073 <br><br> **FIRST AMENDED COMPLAINT** |

1

## INTRODUCTION

This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C §§1001-1461.

**<u>Withdrawal Liability</u>**

In order to protect plan participants and the federal Pension Benefit Guaranty Corporation (PBGC), effective September 26, 1980, Congress created withdrawal liability for employers that withdraw from multiemployer pension plans in a complete or partial withdrawal. Due to the importance Congress attributed to those goals, it included two special provisions not generally available to creditors to ensure that withdrawal liability could actually be collected.

Under ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1), all trades or business under common control are to be treated as a single employer. Thus, members of the withdrawn employer's controlled group are jointly and severally liable for the withdrawal liability. *Bd. of Trs. of W. Conf. Pension Trust Fund* v. *LaFrenz,* 837 F.2d 892, 894 (9th Cir. 1988); *Bd. of Trs. of W. Conf. Pension Trust Fund* v. *H.F. Johnson, Inc.*, 830 F.2d 1009, 1013 (9th Cir. 1987).

ERISA also contains a mandatory arbitration provision if an employer wishes to challenge the withdrawal liability determination. To make such a challenge, an employer must request review within ninety (90) days from receiving the notice of the withdrawal liability assessment pursuant to ERISA § 4219(b)(2), 29 U.S.C. § 1399(b)(2), and any dispute concerning the pension plan's determination of withdrawal liability must be resolved through arbitration timely initiated under ERISA § 4221(a), 29 U.S.C. § 1401(a).

Defendant ROSS ISLAND SAND & GRAVEL CO. ("ROSS ISLAND"), an active Oregon stock corporation, registered to do business in California, was a participating employer in the Pension Plan for the Pension Trust Fund for Operating Engineers (the "OE Pension Plan"). In or about 2023, ROSS ISLAND incurred a complete withdrawal from participation in the OE Pension Plan, thereby triggering the OE Pension Plan to assess withdrawal liability of $1,907,106.00 against it and all members of its controlled group under ERISA §4205(a)(1) and (b)(1), 29 U.S.C.

2

§1385(a)(1) and (b)(1). By letter dated February 28, 2025 ("Assessment"), which is attached hereto as **Exhibit 1**. Plaintiff OE Pension Plan notified Defendants of the assessed withdrawal liability.

On March 4, 2025, the OE Pension Plan accelerated the entire unpaid withdrawal liability since Defendant ROSS ISLAND was in default ("Notice of Acceleration" attached hereto as **Exhibit 2**) pursuant to ERISA §4219(c)(5)(b), PBGC § 4219.31(b)(2) and Section XII of the Plan's Withdrawal Liability Assessment Procedures (attached as Exhibit B to **Exhibit 1** hereto).

Defendants are trades and businesses that are within the same controlled group as Defendant ROSS ISLAND pursuant to ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1). Defendant DR. ROBERT B. PAMPLIN, JR. owned real property where Defendant ROSS ISLAND conducted business and he is a principal of certain Defendants that are unincorporated trades or businesses under ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1) and engaged in transactions to evade or avoid withdrawal liability under ERISA §4212(c), 29 U.S.C. §1392(c). Thus, he is individually liable for Defendant ROSS ISLAND's withdrawal liability.

Defendants did not request review of the assessment or initiate arbitration. As of the filing of this Complaint, Defendants are in default and are jointly and severally liable for Defendant ROSS ISLAND's withdrawal liability. Plaintiffs therefore seek a money judgment against Defendants for an award of the entire assessed withdrawal liability, plus the mandatory interest of 10%, an amount equal to the greater of interest or liquidated damages of 20%, reasonable attorney's fees and costs of this action.

**Failure to Provide Requested Information**

ERISA § 4219(a), 29 U.S.C. § 1399(a), requires an employer to provide the pension plan with all information the pension plan reasonably determines to be necessary to enable the plan sponsor to comply with the requirements of Title IV of ERISA, including the determination and collection of withdrawal liability. The OE Pension Plan requested information concerning Defendant ROSS ISLAND's controlled group, which Defendants have not provided, in violation of ERISA § 4219(a), 29 U.S.C. § 1399(a). The OE Pension Plan therefore seeks an order compelling Defendants to provide the requested information.

## PARTIES

1. The OE Pension Plan is an employee benefit plan as defined in ERISA §3(3), 29 U.S.C. §1002(3), an "employee benefit pension plan" as defined in of ERISA §3(2), 29 §U.S.C. 1002(2); and a "multiemployer plan" as defined in ERISA §§ 3(37) and 4001(a)(3), 29 U.S.C. §§1002(37) and 1301(a)(3).  The OE Pension Plan is jointly administered and is maintained pursuant to the Labor Management Relations Act §302(c), 29 U.S.C. §186(c).

2. Plaintiffs Dan Reding and James Murray serve on the Board of Trustees of OE Pension Plan, the "plan sponsor" within the meaning of ERISA §§3(16)(B)(iii) and 4001(a)(10)(A), 29 U.S.C. §§1002(16)(B)(iii) and 1301(a)(10)(A). They are therefore, fiduciaries of the OE Pension Plan under ERISA §§3(21)(A) and 402(a), 29 U.S.C. §1002(a).  As Trustees of the OE Pension Plan, they are empowered to bring this action on behalf of the OE Pension Plan pursuant to ERISA §4301(a)(1) - (b) and §502(a)(3), 29 U.S.C. §§1132(a)(3) and 1451(a)(1) - (b).

3. Defendant ROSS ISLAND is an active Oregon stock corporation, registered to do business in California, and an R.B. PAMPLIN CORPORATION owned company, with a business address at 14911 SE 82nd Drive, Clackamas, Oregon.  It is an employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5) and National Labor Relations Act ("NLRA") §2(2), 29 U.S.C. §152(2), and is engaged in an industry affecting commerce within the meaning of ERISA §§3(11) and (12), 29 U.S.C. §§1002(11) and (12).

4. Defendant R.B. PAMPLIN CORPORATION is an active Delaware corporation, registered to do business in Oregon, with a business address at 400 Second Street, Lake Oswego, OR.  It is an employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5) and National Labor Relations Act ("NLRA") §2(2), 29 U.S.C. §152(2), and is engaged in an industry affecting commerce within the meaning of ERISA §§3(11) and (12), 29 U.S.C. §§1002(11) and (12).

5. Defendant KF JACOBSEN & CO., INC., is an active Oregon stock corporation and an R.B. PAMPLIN CORPORATION owned company, with a business address at 14911 SE 82nd Drive, Clackamas, Oregon, the same business address as Defendant ROSS ISLAND.  Defendant KF JACOBSEN & CO., INC. is an employer within the meaning of ERISA §3(5), 29 U.S.C.

§1002(5) and National Labor Relations Act ("NLRA") §2(2), 29 U.S.C. §152(2), and is engaged in an industry affecting commerce within the meaning of ERISA §§3(11) and (12), 29 U.S.C. §§1002(11) and (12).

6. Defendant PACIFIC NORTHWEST AGGREGATES, INC. is an active Washington State corporation and an R.B. PAMPLIN CORPORATION owned company, with a business address at 14911 SE 82nd Drive, Clackamas, Oregon. Defendant PACIFIC NORTHWEST AGGREGATES, INC. is an employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5) and National Labor Relations Act ("NLRA") §2(2), 29 U.S.C. §152(2), and is engaged in an industry affecting commerce within the meaning of ERISA §§3(11) and (12), 29 U.S.C. §§1002(11) and (12).

7. Defendant R.B. PAMPLIN CORPORATION & SUBSIDIARIES PENSION PLAN & TRUST (the "Pamplin Pension Plan") is an employee benefit plan as defined in ERISA §3(3), 29 U.S.C. §1002(3), an "employee benefit pension plan" as defined in of ERISA §3(2), 29 §U.S.C. 1002(2); and a "defined benefit plan" as defined in ERISA §§ 3(35), 29 U.S.C. §§1002(35).

8. Defendant DR. ROBERT B. PAMPLIN, JR. served as a Trustee of the Pamplin Pension Plan. Defendant R.B. PAMPLIN CORPORATION is the "plan sponsor" of the Pamplin Pension Plan within the meaning of ERISA §§3(16)(B)(iii), 29 U.S.C. §§1002(16)(B)(iii). Accordingly, Defendant DR. ROBERT B. PAMPLIN, JR is a fiduciary of the Pamplin Pension Plan under ERISA §§3(21)(A) and 402(a), 29 U.S.C. §1002(a).

9. Defendant COLUMBIA EMPIRE FARMS, INC. is an active Oregon State corporation and an R.B. PAMPLIN CORPORATION owned company, with a business address at 31461 NE Bell Rd., Oregon. Defendant COLUMBIA EMPIRE FARMS, INC. is an employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5) and National Labor Relations Act ("NLRA") §2(2), 29 U.S.C. §152(2), and is engaged in an industry affecting commerce within the meaning of ERISA §§3(11) and (12), 29 U.S.C. §§1002(11) and (12).

10. Defendant MOUNT VERNON MILLS, INC. is an active Maryland State corporation and an R.B. PAMPLIN CORPORATION owned company, with a business address at

5

2 Office Park Court, Suite 103, Columbia, South Carolina. Defendant MOUNT VERNON MILLS, INC. is an employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5) and National Labor Relations Act ("NLRA") §2(2), 29 U.S.C. §152(2), and is engaged in an industry affecting commerce within the meaning of ERISA §§3(11) and (12), 29 U.S.C. §§1002(11) and (12).

11.     Defendant OREGON PUBLICATION CORP. is an active Oregon State corporation and an R.B. PAMPLIN CORPORATION owned company, with a business address at 14823 SE 82nd Drive, Clackamas, Oregon. Defendant OREGON PUBLICATION CORP. is an employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5) and National Labor Relations Act ("NLRA") §2(2), 29 U.S.C. §152(2), and is engaged in an industry affecting commerce within the meaning of ERISA §§3(11) and (12), 29 U.S.C. §§1002(11) and (12).

12.     Defendant SMITH AND WATERS, INC. is an active South Carolina State corporation and an R.B. PAMPLIN CORPORATION owned company, with a business address at E. Kathrine Street, Ware Shoals SC, South Carolina. Defendant SMITH AND WATERS, INC. is an employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5) and National Labor Relations Act ("NLRA") §2(2), 29 U.S.C. §152(2), and is engaged in an industry affecting commerce within the meaning of ERISA §§3(11) and (12), 29 U.S.C. §§1002(11) and (12).

13.     Defendant LE CEP II, INC. is an active state corporation and an R.B. PAMPLIN CORPORATION owned company, with a business address at 6580 NE Mineral Springs Rd, Carlton, Oregon. Defendant LE CEP II, INC. is an employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5) and National Labor Relations Act ("NLRA") §2(2), 29 U.S.C. §152(2), and is engaged in an industry affecting commerce within the meaning of ERISA §§3(11) and (12), 29 U.S.C. §§1002(11) and (12).

14.     Defendant ANNE AIME VINEYARDS is an unincorporated organization in Oregon. Defendant ANNE AIME VINEYARDS is an employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5) and National Labor Relations Act ("NLRA") §2(2), 29 U.S.C. §152(2), and is engaged in an industry affecting commerce within the meaning of ERISA §§3(11) and (12), 29 U.S.C. §§1002(11) and (12).

15. Defendant PAMPLIN MEDIA GROUP is an unincorporated organization in Oregon. Defendant PAMPLIN MEDIA GROUP is an employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5) and National Labor Relations Act ("NLRA") §2(2), 29 U.S.C. §152(2), and is engaged in an industry affecting commerce within the meaning of ERISA §§3(11) and (12), 29 U.S.C. §§1002(11) and (12).

16. Defendant PAMPLIN VINEYARDS, LLC is registered as a limited liability company in Oregon. Defendant PAMPLIN VINEYARDS, LLC is an employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5) and National Labor Relations Act ("NLRA") §2(2), 29 U.S.C. §152(2), and is engaged in an industry affecting commerce within the meaning of ERISA §§3(11) and (12), 29 U.S.C. §§1002(11) and (12).

17. Defendant R2 LAND, LLC is registered as a limited liability company in Oregon. Defendant R2 LAND, LLC is an employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5) and National Labor Relations Act ("NLRA") §2(2), 29 U.S.C. §152(2), and is engaged in an industry affecting commerce within the meaning of ERISA §§3(11) and (12), 29 U.S.C. §§1002(11) and (12).

18. Defendant PAMPLIN HOSPITALITY, INC. is registered as a corporation in Oregon. Defendant PAMPLIN HOSPITALITY, INC. is an employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5) and National Labor Relations Act ("NLRA") §2(2), 29 U.S.C. §152(2), and is engaged in an industry affecting commerce within the meaning of ERISA §§3(11) and (12), 29 U.S.C. §§1002(11) and (12).

19. DEFENDANT DR. ROBERT B. PAMPLIN, JR. in his individual capacity owned real property where Defendant ROSS ISLAND conducted business and thus, he operated a trade or business under ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1). DEFENDANT DR. ROBERT B. PAMPLIN, JR. operated Defendants ANNE AIME VINEYARDS and Defendant PAMPLIN MEDIA GROUP which are incorporated trades or businesses and within the same controlled group as DEFENDANT ROSS ISLAND under ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1). Thus, DEFENDANT DR. ROBERT B. PAMPLIN, JR. is individually liable for Defendant ROSS

ISLAND's withdrawal liability.

20. Plaintiffs are informed and believe that Defendants ROSS ISLAND; R.B. PAMPLIN CORPORATION; KF JACOBSEN & CO, INC.; PACIFIC NORTHWEST AGGREGATES, INC.; DR. ROBERT B. PAMPLIN, JR., as an individual and as a Trustee of R.B. PAMPLIN CORPORATION & SUBSIDIARIES PENSION PLAN & TRUST; COLUMBIA EMPIRE FARMS, INC.; MOUNT VERNON MILLS, INC.; OREGON PUBLICATION CORP.; SMITH AND WATERS, INC.; LE CEP II, INC.; ANNE AIME VINEYARDS; PAMPLIN MEDIA GROUP; PAMPLIN VINEYARDS, LLC; R2 LAND, LLC; PAMPLIN HOSPITALITY, INC. (collectively Defendants) are treated as a single employer under common control and are jointly and severally liable for Defendant ROSS ISLAND's withdrawal liability pursuant to ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1).

21. Defendants DOES 1 through 10 are entities and/or other persons that are within the same controlled group as Defendant ROSS ISLAND under ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1). Defendant ROSS ISLAND has failed to provide sufficient information regarding the identities of entities and persons within the same controlled group as Defendant ROSS ISLAND, as requested by Plaintiffs in accordance with ERISA §4219(a), 29 U.S.C. §1399(a). Thus, Plaintiffs presently do not know the identities of such entities or persons. Plaintiffs are using fictitious names for the Defendants because Plaintiffs are unable to ascertain their true identity at this time. Pursuant to Fed. R. Civ. Proc. 15(a), Plaintiffs will amend the Complaint to add the true name of the additional defendants once their identities are discovered.

## JURISDICTION

22. Jurisdiction is conferred upon this Court over the claims asserted by the Plaintiffs by virtue of ERISA §§4301(c) and 502, 29 U.S.C. §§1451(c) and 1132. Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, redress Defendants' violations of ERISA, and all other appropriate legal or equitable relief under ERISA.

23. To the extent jurisdiction over any claim does not exist under ERISA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out

of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

## VENUE

24. Venue is conferred upon this Court by ERISA §§4301(c) and 502(e)(1), 29 U.S.C. §§1451(d) and 1132. Where an action is brought under ERISA §§4301 and 502, 29 U.S.C. §§1451 and 1132 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the Plan is administered, where the breach took place, or where a defendant resides or may be found. Process may be served nationwide in any district where a defendant resides or may be found. The Plaintiff OE Pension Plan, on whose behalf the Trustees brings this action, is administered in this district at its principal place of business at 1141 Harbor Bay Parkway, Suite 100 in Alameda, California. Thus, jurisdiction and venue are properly grounded with this Court.

## INTRADISTRICT ASSIGNMENT

25. Assignment to the United States District Court, Northern District of California, Oakland, CA Division is appropriate pursuant to Civil Local Rule 3-2(d), as revised May 1, 2024 because a substantial part of the events and omissions giving rise to the Plaintiffs' claims occurred in Alameda County, California where the Plaintiff Trust Funds are administered.

## FACTUAL ALLEGATIONS

26. Defendant ROSS ISLAND was a participating employer in the Plan pursuant to a collective bargaining agreement ("Bargaining Agreement") with the Operating Engineers, Local Union No. 3 ("Union"). The Union is a labor organization as defined in the NLRA § 2(5), 29 U.S.C. § 152(5), that represents employees in an industry affecting interstate commerce. Defendant ROSS ISLAND was obligated and did make contributions to the Plan on behalf of its employees that were covered under the Bargaining Agreement.

27. In or about 2023, Defendant ROSS ISLAND made a complete withdrawal from participation in the OE Pension Plan under ERISA §4203, 29 U.S.C. §1383.

28. Plaintiffs are informed and believe that Defendant ROSS ISLAND, an active Oregon stock corporation registered with the California Secretary of State as a foreign corporation in order

to do business in California on September 2, 1992, and that its corporate status with the California Secretary of State is currently active and its status with the Oregon Secretary of State is active.

29. By written notice dated February 28, 2025 ("Assessment"), Plaintiff OE Pension Plan notified Defendants of the withdrawal liability assessed pursuant to ERISA §§4201-4203, 29 U.S.C. §§1381, *et seq*. Specifically, the OE Pension Plan notified Defendants of the following in its Assessment, which is attached hereto as **Exhibit 1** and incorporated herein by this reference:

a) The OE Pension Plan had a fiscal year running from January 1 to December 31 and therefore, the withdrawal liability is calculated as of December 31, 2022, as required by ERISA §4211(b)(2)(A), 29 U.S.C. §1391(b)(2)(A).

b) The withdrawal liability of $1,907,106.00 assessed against Defendant ROSS ISLAND could have been paid in a lump sum upon receipt of the Assessment, or in quarterly installments as follows:

| Amount of Installment | Due Date |
|---|---|
| $55,598.85 | April 1, 2025 |
| $55,598.85 | July 1, 2025 |
| $55,598.85 | October 1, 2025 |
| $55,598.85 | January 1, 2026 |
| $55,598.85 | April 1, 2026 through July 1, 2037 |
| $26,454.78 | October 1, 2037 |

c) Defendant ROSS ISLAND had the option of challenging the calculation of the withdrawal liability by requesting review within ninety (90) days from receiving the initial or further notice of the withdrawal liability assessment as provided by ERISA §4219(b)(2), 29 U.S.C. §1399(b)(2).

d) Any dispute concerning a determination of withdrawal liability must be resolved through arbitration provided that the employer requested review and arbitration was timely initiated under ERISA §4221(a), 29 U.S.C. §1401(a).

e) Information and documents relating to all trades and businesses under common control with Defendant ROSS ISLAND were required to be provided within

10

thirty (30) days pursuant to ERISA §4219(a), 29 U.S.C. §1399(a).

30. In order to initiate arbitration under ERISA §4221(a)(1), 29 U.S.C. §1401(a), an employer must first request review of the assessed withdrawal liability. Section XV of the OE Pension Plan's Withdrawal Liability Procedure (attached as Exhibit B to **Exhibit 1** hereto) mirrors ERISA §4219(b)(2)(A), 29 U.S.C. §1399(b)(2)(A), which requires an employer's request for review to be in writing. Neither Defendant ROSS ISLAND, nor any member of its controlled group, requested review and their time for doing so expired May 29, 2025, and therefore they are precluded from initiating arbitration.

31. Neither Defendant ROSS ISLAND, nor any member of its controlled group made any of the required quarterly installment payments, or provided sufficient information regarding controlled group members.

32. On March 4, 2025, the OE Pension Plan accelerated the entire unpaid withdrawal liability of $1,907,106.00, since Defendant ROSS ISLAND was in default ("Notice of Acceleration" attached hereto as **Exhibit 2**) pursuant to ERISA §4219(c)(5)(b), PBGC § 4219.31(b)(2) and Section XII of the Plan's Withdrawal Liability Assessment Procedures (attached as Exhibit B to **Exhibit 1** hereto).

33. As of the filing of this Complaint, Defendants have not made any of the required withdrawal liability payments and thus are in default under ERISA §4219(c)(5), 29 U.S.C. §1399(c)(5).

34. Plaintiffs seek a judgment of the entire assessed withdrawal liability, plus the mandatory interest of 10%, an amount equal to the greater of interest or liquidated damages of 20%, reasonable attorney's fees and costs of the action.

**FIRST CAUSE OF ACTION**
**By the OE Pension Plan and its Trustees Against Defendants**
**for Violation of ERISA §4219, 29 U.S.C. §1381:**
**Request for Payment of Withdrawal Liability, Interest,**
**Liquidated Damages, Attorneys' Fees and Costs**

35. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 34, above.

11

FIRST AMENDED COMPLAINT
CASE NO. 3:25-cv-05073

36. In or about 2023, Defendant ROSS ISLAND made a "complete withdrawal" from the OE Pension Plan as that term is defined in ERISA §4203, 29 U.S.C. §1383, *et seq*.

37. On February 28, 2025, Plaintiffs assessed withdrawal liability against Defendant ROSS ISLAND, and all members of Defendant ROSS ISLAND's controlled group and thereafter declared Defendants to be in default and accelerated payments pursuant to ERISA § 4219(c)(5)(b) and PBGC § 4219.31(b)(2).

38. To date, Defendants have not paid any of the assessed withdrawal liability. Thus, Defendants and each other member within the controlled group, are in default and are jointly and severally liable for the entire amount of the unpaid withdrawal liability under ERISA §§ 4219(c)(5) and 4001(b)(1), 29 U.S.C. §§1399(c)(5) and 1301(b).

39. Accordingly, Plaintiffs seek judgment against Defendants for the entire withdrawal liability of $1,907,106.00, plus accrued interest from the due date of the first delinquent payment pursuant to ERISA §§4219(c)(5) and 502(g)(2), 29 U.S.C. §§1399(c)(5) and 1132(g)(2).

40. ERISA §4301(b), 29 U.S.C. §1451(b) provides that an action involving an employer's failure to timely make withdrawal liability payments shall be treated in the same manner as a delinquent contribution within the meaning of ERISA §515, 29 U.S.C. §1145. Thus, Defendants are also liable for interest, liquidated damages and costs, including reasonable attorneys' fees, pursuant to ERISA §§4301(b) and 502(g)(2), 29 U.S.C. §§1301(b) and 1132(g)(2). The OE Pension Plan provides for interest at the rate of 10% per annum, and for liquidated damages in an amount equal to the greater of 20% of the total unpaid withdrawal liability or interest on the total unpaid withdrawal liability.

41. The OE Pension Plan, therefore, seeks a money judgment against Defendants for an judgment of the entire balance of the unpaid withdrawal liability less any credits for recoveries received before the time of judgment, plus interest, an amount equal to the greater of interest or liquidated damages, and costs, including attorneys' fees.

///

///

12

FIRST AMENDED COMPLAINT
CASE NO. 3:25-cv-05073

**SECOND CAUSE OF ACTION**
**By the OE Pension Plan and its Trustees Against Defendants**
**for Violation of ERISA §4219(a), 29 U.S.C. §1399(a):**
**Failure to Provide Required Information under ERISA**

42. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 41, above.

43. In violation of ERISA §4219(a), 29 U.S.C. §1399(a), Defendant ROSS ISLAND has failed to provide the OE Pension Plan with all necessary information requested by the OE Pension Plan relating to any member within Defendant ROSS ISLAND's controlled group under ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1) and any transactions to evade its withdrawal liability under ERISA §4212(c), 29 U.S.C. §1392(c).

44. The failure of Defendants to make the quarterly withdrawal liability payments and provide information has caused the OE Pension Plan to sustain loss of investment income and incur administrative and legal expenses.

45. Defendants' failure to comply with the law has caused the OE Pension Plan to suffer immediate, continuing, and irreparable injury, and Plaintiff OE Pension Plan is without an adequate remedy at law.

46. Due to Defendants' failure to provide sufficient information, OE Pension Plan is required to name its unknown controlled group members as fictitious defendants until their true identities can be discovered.

47. Thus, injunctive relief as prayed for below is proper.

**THIRD CAUSE OF ACTION**
**By the OE Pension Plan and its Trustees Against Defendants**
**for Violation of ERISA §4212(c), 29 U.S.C. §1392(a):**
**Failure to Provide Required Information under ERISA**

48. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 47, above.

49. In violation of ERISA §4212(c), 29 U.S.C. §1392(c), Defendant DR. ROBERT B. PAMPLIN, JR. engaged in transactions to evade or evade withdrawal liability of Defendant ROSS ISLAND. Specifically, instead of utilizing assets to pay Defendant ROSS ISLAND's withdrawal

liability:

    a) The last few years Defendant DR. ROBERT B. PAMPLIN, JR. transferred real properties to other trade or business that are within the same controlled group as Defendant ROSS ISLAND under ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1).

    b) Defendant DR. ROBERT B. PAMPLIN, JR. transferred "7667 NE Highway 97, Madras OR 97741, Jefferson Cty. OR (the "7667 Property") to control group member Defendant COLUMBIA EMPIRE FARMS, INC. on or about July 2023, five months before DEFENDANT ROSS ISLAND cease contributing to the OE Pension Plan.

    c) Defendant DR. ROBERT B. PAMPLIN, JR. sold DEFENDANT PAMPLIN MEDIA GROUP, an incorporated trade or business under ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1), to a third party.

50. The failure of Defendants to make the quarterly withdrawal liability payments has caused the OE Pension Plan to sustain loss of investment income and incur administrative and legal expenses.

51. Defendants' failure to comply with the law has caused the OE Pension Plan to suffer immediate, continuing, and irreparable injury, and Plaintiff OE Pension Plan is without an adequate remedy at law.

52. Thus, injunctive relief as prayed for below is proper.

**PRAYER**

WHEREFORE, Plaintiffs pray for the following relief:

53. For a judgment in favor of the OE Pension Plan and its Trustees providing that Defendant ROSS ISLAND as well as all other members of Defendant ROSS ISLAND's controlled group are jointly and severally liable to immediately pay to the OE Pension Plan the following sums:

    a) The unpaid withdrawal liability of $1,907,106.00, less any credits for recoveries received before the time of judgment;

b) Interest at the rate of 10% simple interest per annum pursuant to ERISA §§4219(c)(5)-(6) and 502(g)(2), 29 U.S.C. §§1399(c)(5) and (6) and 1132(g)(2);

c) Pursuant to ERISA §§4301(b) and 502(g)(2), 29 U.S.C. §§1451(b) and 1132(g)(2), liquidated damages equal to the greater of:

d) The accrued interest on the unpaid withdrawal liability as of the due date of the first withdrawal installment payment which was not timely made, or

e) An amount equal to 20% of the amount of unpaid withdrawal liability; and

f) Attorneys' fees and costs incurred by the OE Pension Plan in connection with this action as required by ERISA §§4301(e) and 502(g), 29 U.S.C. §§1451(e) and 1132(g).

54. For injunctive relief ordering Defendants to provide all of the documentation and information requested by the OE Pension Plan, including but not limited to information regarding all trades or businesses which are within Defendant ROSS ISLAND's controlled group as defined in ERISA §4001(b)(1), 29 U.S.C. §1301(b), and any transactions to evade its withdrawal liability under ERISA §4212, 29 U.S.C. §1392.

55. For injunctive relief ordering any transfer of real property, trades, businesses, and other assets used to evade Defendant ROSS ISLAND'S withdrawal liability under ERISA §4212, 29 U.S.C. §1392 to be set aside to satisfy the withdrawal liability

56. Such other relief as this Court deems appropriate.

Dated: October 14, 2025                                  SALTZMAN & JOHNSON LAW CORPORATION


By: /S/_____
Shaamini A. Babu
Julio Mateo Jr.
Attorneys for Plaintiffs